# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES E. BERNARD, JR., ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ILLINOIS CENTRAL RAILROAD ) | |
| COMPANY, a corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I. JURISDICTION AND VENUE

**1.**

This civil action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* and the Federal Railroad Safety Act, 49 U.S.C. § 20109. The matters complained of occurred within Shelby County, Tennessee, of the Western District of Tennessee.

### II. PARTIES

**2.**

The Plaintiff, James E. Bernard, Jr., is an adult citizen and resident of Memphis, Shelby County, Tennessee.

1

EXHIBIT E

**3.**

The Defendant, Illinois Central Railroad Company, is foreign corporation which does substantial business in Shelby County, Tennessee. Illinois Central Railroad Company is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire.

**4.**

At all times referred to herein, James E. Bernard, Jr., was employed by Defendant, Illinois Central Railroad Company, and was acting within the line and scope of his employment for the Defendant. The Plaintiff's duties of employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

### III. FACTS

**5.**

On the night of April 28, 2011, Plaintiff James E. Bernard, Jr., was working for Defendant Illinois Central Railroad Company as a member of a train crew on President's Island in Memphis, Shelby County, Tennessee, when it became his responsibility to operate a switch at the Defendant's facility. The switch malfunctioned and did not operate efficiently when the Plaintiff attempted to operate it. The switch hung up and jammed as the Plaintiff was throwing it, causing injuries to the Plaintiff.

**6.**

On April 28, 2011, the Plaintiff, James E. Bernard, Jr., notified the Defendant Illinois Central Railroad Company that he had sustained a work-related personal injury during the course of his employment while attempting to operate a malfunctioning switch at the Defendant's facility on President's Island in Memphis, Shelby County, Tennessee, on that date.

**7.**

On April 28, 2011, the Plaintiff, James E. Bernard, Jr., requested transportation to a hospital for treatment of the injuries that he sustained on the date during the course of his employment.

**8.**

The Defendant transported the Plaintiff to Methodist South Hospital.

**9.**

Methodist South Hospital was not the nearest hospital where he could receive safe and appropriate medical care.

**10.**

When the emergency room physician discharged the Plaintiff, James E. Bernard, Jr., from the hospital during the early morning of April 29, 2011, he prescribed the Plaintiff Vicodan and Flexeril for the Plaintiff's pain.

**11.**

When the Plaintiff left the hospital on April 29, 2011, he requested that his railroad supervisor take him to have the prescriptions for Vicodan and Flexeril filled immediately. The Plaintiff's supervisor refused this request and instead drove the Plaintiff to be interviewed by the management officials of the Defendant.

**12.**

On April 29, 2011, the Defendant issued a disciplinary charge letter to the Plaintiff relating to the work-related injury that he had reported just hours before.

**13.**

The Plaintiff had reported switches as being hard to throw and malfunctioning in the past on several occasions and had never been subjected to a formal investigation in connection with reporting an unsafe or inefficiently operating switch until he reported this work-related injury.

**14.**

The Defendant held a formal disciplinary hearing against the Plaintiff on May 23, 2011, in connection with the work-related injury that he reported.

**15.**

Soon after the investigation, a management official of the Defendant informed the Plaintiff that the Defendant's superintendent had targeted the Plaintiff for dismissal.

**16.**

On May 31, 2011, the Defendant changed the Plaintiff's work assignment and put him with a different locomotive engineer. It is very unusual for the crew caller to change a work and crew assignment in this manner.

**17.**

The reassignment resulted in the Plaintiff working with locomotive engineer Darren Mariani. The Defendant assigned them to take a coal train from Memphis to Fulton, Kentucky. On this type of assignment, the crew members work together in both directions or – that is, they take a train a train from Memphis to Fulton and then take another train from Fulton to Memphis.

**18.**

CN officials surreptitiously followed and watched the train that the Plaintiff and Mariani were assigned to operate.

**19.**

On June 1, 2011, the Defendant pulled the Plaintiff out of service and scheduled formal disciplinary investigations against him. By certified letters, the Defendant advised the Plaintiff that it was charging him with the failure to sound a horn for the industrial road crossing located at milepost 396.8 and for exceeding the track speed at or near milepost 358.8.

**20.**

The Defendant held disciplinary investigations against the Plaintiff on June 10, 2011, relating to the charges issued on June 1, 2011.

**21.**

On June 21, 2011, the Defendant terminated the Plaintiff's employment based on the charge that the train that he was in was traveling 12 miles over the speed limit at milepost 358.8 on June 1, 2011.

**22.**

The Plaintiff filed a complaint pursuant to the Federal Rail Safety Act with the Regional Director of the Department of Labor, Occupational Safety & Health Administration relating to the adverse employment actions taken against him in response to his reporting of a work-related injury and unsafe condition and requesting medical attention on April 28, 2011. He initially filed this complaint on May 4, 2011, and later supplemented this complaint on June 7, 2011, and July 27, 2011.

**23.**

After more than 210 days elapsed without the Department of Labor, Occupational Safety & Health Administration reaching a decision regarding the Plaintiff's complaints under the Federal Rail Safety Act, the Plaintiff requested a kick-out of his Federal Rail Safety Act claims to allow him to proceed against the Defendant with these claims in federal court. The Plaintiff exercised his right for a 210 day kick-out on August 6, 2012.

## IV. **FIRST CAUSE OF ACTION**

**24.**

Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

**25.**

The Plaintiff avers that all of his injuries and damages relating to the switch incident on April 28, 2011, were caused, in whole or in part, by the negligence of the Defendant, Illinois Central Railroad Company, its agents, servants or employees while acting within the line and scope of their employment for said Defendant, or by reason of a defect or insufficiency due to the Defendant's negligence in switches, maintenance practices, safety practices, and inspection at the time and places where the Plaintiff suffered his injuries.

**26.**

The Plaintiff avers that he has suffered and seeks to recover under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* for the following injuries and damages:

    (a)    past lost wages and benefits;

    (b)    future lost wages and benefits; and

    (c)    past and future pain and mental anguish.

WHEREFORE, Plaintiff hereby demands of the Defendant compensatory damages as a jury may assess after a fair and accurate consideration of the facts of this cause, together with the costs of this proceeding.

## V. SECOND CAUSE OF ACTION

**27.**

Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

**28.**

The Plaintiff avers that all of his injuries and damages relating to the switch incident on April 28, 2011, were caused, in whole or in part, by the negligent failure of the Defendant Illinois Central Railroad Company to use reasonable care to provide to the Plaintiff a reasonably safe place for the Plaintiff to perform his work and labor for the Defendant.

**29.**

The Plaintiff avers that he has suffered and seeks to recover under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* for the following injuries and damages:

(a) past lost wages and benefits;

(b) future lost wages and benefits; and

(c) past and future pain and mental anguish.

WHEREFORE, Plaintiff hereby demands of the Defendant compensatory damages as a jury may assess after a fair and accurate consideration of the facts of this cause, together with the costs of this proceeding.

## VI. THIRD CAUSE OF ACTION

**30.**

Plaintiff adopts and realleges all prior paragraphs of the Complaint as if set out here in full.

**31.**

The Plaintiff further avers that all of his injuries and damages relating to the switch incident on April 28, 2011, were caused by a violation of the Defendant of a federal safety regulation published at 49 C.F.R. §§ 213.239 and 213.367.

**32.**

The Plaintiff avers that he has suffered and seeks to recover under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* for the following injuries and damages:

    (a) past lost wages and benefits;

    (b) future lost wages and benefits; and

    (c) past and future pain and mental anguish.

WHEREFORE, Plaintiff hereby demands of the Defendant compensatory damages as a jury may assess after a fair and accurate consideration of the facts of this cause, together with the costs of this proceeding.

## VII. FOURTH CAUSE OF ACTION

**33.**

Plaintiff adopts and realleges all prior paragraphs of the Complaint as if set out

here in full.

**34.**

The Plaintiff avers that the Defendant has injured and damaged him by violating provisions of the Federal Railroad Safety Act by taking adverse actions due, in whole or in part, to his notifying the Defendant of a work-related personal injury.

**35.**

The Plaintiff avers that he has suffered and seeks to recover the following relief under the Federal Rail Safety Act, 49 U.S.C. § 20109:

    (a)    reinstatement with the same seniority staus that the Plaintiff would have had, but for the discrimination;

    (b)    back pay, with interest;

    (c)    compensatory damages, including for any emotional distress and mental anguish and for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees; and

    (d)    punitive damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant for both compensatory and punitive damages as a jury may assess after a fair and accurate consideration of the facts of this cause, reinstatement with full seniority, interest from the date of discrimination, the costs of this proceeding, and reasonable attorney fees.

## VIII. FIFTH CAUSE OF ACTION

**36.**

Plaintiff adopts and realleges all prior paragraphs of the Complaint as if set out here in full.

**37.**

The Plaintiff avers that the Defendant violated the Federal Railroad Safety Act, 49 U.S.C. § 20109 by taking adverse employment actions against him for reporting, in good faith, the unsafe condition of the switch involved in his personal injury.

**38.**

The Plaintiff avers that he has suffered and seeks to recover the following relief under the Federal Rail Safety Act, 49 U.S.C. § 20109:

    (a)    reinstatement with the same seniority staus that the Plaintiff would have had, but for the discrimination;

    (b)    back pay, with interest;

    (c)    compensatory damages, including for any emotional distress and mental anguish and for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees; and

    (d)    punitive damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant for both

compensatory and punitive damages as a jury may assess after a fair and accurate consideration of the facts of this cause, reinstatement with full seniority, interest from the date of discrimination, the costs of this proceeding, and reasonable attorney fees.

### IX. SIXTH CAUSE OF ACTION

**39.**

Plaintiff adopts and realleges all prior paragraphs of the Complaint as if set out here in full.

**40.**

The Plaintiff avers that the Defendant violated the Federal Railroad Safety Act, 49 U.S.C. § 20109 by its failure to transport him to the nearest hospital where he could receive safe and appropriate medical care when he requested transportation to a hospital after sustaining an on-duty injury.

**41.**

The Plaintiff avers that he has suffered and seeks to recover the following relief under the Federal Rail Safety Act, 49 U.S.C. § 20109:

(a)  reinstatement with the same seniority staus that the Plaintiff would have had, but for the discrimination;

(b)  back pay, with interest;

(c)  compensatory damages, including for any emotional distress and mental anguish and for any special damages sustained as a result of

the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees; and

(d)     punitive damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant for both compensatory and punitive damages as a jury may assess after a fair and accurate consideration of the facts of this cause, reinstatement with full seniority, interest from the date of discrimination, the costs of this proceeding, and reasonable attorney fees.

## X. JURY DEMAND

42.

Plaintiff demands trial by struck jury.

**BURGE & BURGE**

S/COURTNEY B. BROWN
COURTNEY B. BROWN (014716)
F. TUCKER BURGE
Burge & Burge
2001 Park Place #850
Birmingham, AL 35203
(205)251-9000
(205)323-0512 (Facsimile)
email: tucker@burge-law.com


STEPHEN R. LEFFLER (11038)
707 Adams Avenue
Memphis, TN 38105
(901)527-8830
(901)525-3084 (Facsimile)
email: lefflerlawoffice@comcast.net

13

**Plaintiff's Address:**

James E. Bernard, Jr.
5074 Cana Road
Memphis, TN  38109

**Defendant's Address:**

Illinois Central Railroad Company
c/o C T Corporation System
Suite 2021
800 South Gay Street
Knoxville, TN  37929-9710

JS 44 (Rev. 12/12) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
JAMES E. BERNARD, JR.

**DEFENDANTS**
ILLINOIS CENTRAL RAILROAD COMPANY

(b) County of Residence of First Listed Plaintiff **SHELBY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
STEPHEN R. LEFFLER, 707 ADAMS AV, MEMPHIS, TN 38105
COURTNEY BROWN, TUCKER BURGE, BURGE & BURGE, 2001 PARK PLACE #850, BIRMINGHAM, AL 35203

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
45 U.S.C. Sec. 51, et seq. and 49 U.S.C. Sec. 20109
Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 01/11/2013
SIGNATURE OF ATTORNEY OF RECORD: s/Courtney B. Brown

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.